UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DUANE COLLIER

        Plaintiff,

CASE NO. 05-71744
HON. LAWRENCE P. ZATKOFF

v.

SAGINAW COUNTY JAIL,

        Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 13, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant Saginaw County Jail's Motion to Dismiss pursuant to Rule 12(b)(6). Plaintiff has not responded. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

## II. BACKGROUND

By his May 3, 2005 Complaint, Plaintiff alleges that Defendant Saginaw County Jail committed various constitutional violations against him as he was incarcerated in the jail. Among other things, Plaintiff asserts that the ventilation is poor, the showers moldy, and the cleaning supplies inadequate. *See* Plaintiff's Complaint, ¶¶ 2-4. In the section of his Complaint discussing his administrative remedies, Plaintiff asserts that he filed a grievance with the jail but believes that all his grievances were thrown away. *See id.*

## III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. "In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Penny/Ohlmann/Niemann, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005).

Though complaints of *pro se* plaintiffs are more liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), unsupported allegations of constitutional deprivation do not state a claim. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

## IV. ANALYSIS

Defendant asserts that Plaintiff has failed to exhaust all administrative remedies prior to filing the present complaint in federal court in violation of the Prison Litigation Reform Act

("PLRA"). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Court agrees.

The Sixth Circuit has held that the PLRA requires prisoners who file § 1983 actions to "allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Plaintiff alleges that he filed a grievance with the jail, but that he "believe[s] all my steps (grievances) were thrown away." *See* Plaintiff's Complaint. Despite alleging the filing of a grievance, Plaintiff nevertheless admits in his Complaint that he did not exhaust *all* available state remedies. *See* Plaintiff's Complaint, Section II. Administrative Remedies (Plaintiff indicated that he did not seek a rehearing of his grievance). Furthermore, Plaintiff has failed to show the Court any evidence of his compliance with the exhaustion requirement.

Accordingly, Defendant's Motion to Dismiss should be granted and Plaintiff's action should be dismissed without prejudice. *See Brown v. Toombs*, 139 F.3d at 1104 (instructing the district court to dismiss plaintiff's complaint without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).).

## V. CONCLUSION

For the above reasons, Defendant's Motion to Dismiss is HEREBY GRANTED.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated:  October 13, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 13, 2005.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290